**Law Offices of Michael Lupolover, P.C.**
**120 Sylvan Avenue, Suite 300**
**Englewood Cliffs, New Jersey 07632**
**(P) 201-461-0059**
**(E) Matthew@Lupoverlaw.com**

**ATTORNEY FOR PLAINTIFF**
**Rory Lessinger, Esq.**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| **JABARI MEANS,** | Case No.: |
| Plaintiff, | |
| vs. | **CIVIL COMPLAINT** |
| | **AND** |
| **GREEN TREE SERVICING, LLC,** | **JURY TRIAL REQUEST** |
| Defendant. | |

### CIVIL COMPLAINT AND JURY TRIAL REQUEST

Plaintiff, JABARI MEANS, on behalf of herself (hereinafter "Plaintiff", by and through her undersigned attorney, alleges against the Defendants, GREEN TREE SERVICING, LLC (hereinafter "Defendant") as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 et seq., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), and Cal Civ Code § 1788, et seq., the Rosenthal Fair Debt Collections Practices Act (hereinafter "RFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d) and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4. Plaintiff is a natural persons, who at all relevant times has resided in the city of Romoland, Riverside County, State of California and is a "consumers" as defined by 15 U.S.C. § 1692a (3).

5. Defendant Green Tree Servicing, LLC, is a corporation doing business in the State of Texas, with its legal correspondence, corporate mailing address as 700 Highlander Blvd. Suite 250, Arlington TX 76016, and is a "debt collector" as defined by 15 U.S.C § 1692a(6) in that they received the mortgage while same was in default.

## FACTUAL STATEMENT

6. In September of 2014, Plaintiff moved his residence from Indiana to California. After doing so, Plaintiff contacted Defendant to advise them of the move and request his address be updated accordingly.

7. In December of 2014, Plaintiff began receiving calls from Defendant in the early morning hours regarding payments that were due and owing on a mortgage.

8. On or about December 16, 2014, a representative of Defendant who identified herself as Ms. Houston called Plaintiff on his cellular device at 6:28 am PST.

9. During this call Plaintiff advised that he was living in California and that these early morning calls were unacceptable.

10. Ms. Houston verified Plaintiff`s updated address, as he was currently residing in California, and stated since client does not have a California phone number, the time issue is not applicable.

11. On September 10, 2014, Defendant send mail correspondence to Plaintiff at his new California address in Romoland, CA.  A copy of same is attached hereto marked Exhibit A.

12. After the December 16, 2014 call where Plaintiff spoke to Defendant`s representative, and confirmed his new address whilst requesting a cease on such early morning calls, he received an additional two (2) phone calls to his cellular device, before 8:00 am PST.

13. Exhibit A provides Defendant had actual notice that Plaintiff resided in California at the time all pre-8am calls were made.

## COUNT I
## VIOLATIONs OF THE FAIR DEBT COLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

14. Plaintiff repeats the allegations contained in paragraphs 1 through 13 and incorporates them as if set forth at length herein.

15. In September of 2014, Plaintiff moved his residence from Indiana to California.  After doing so, Plaintiff contacted Defendant to advise them of the move and request his address be updated accordingly.

16. In December of 2014, Plaintiff began receiving calls from Defendant in the early morning hours regarding payments that were due and owing on a mortgage.

17.  On or about December 16, 2014, a representative of Defendant who identified herself as Ms. Houston called Plaintiff on his cellular device at 6:28 am PST.

18. During this call Plaintiff advised that he was living in California and that these early morning calls were unacceptable.

19. Ms. Houston verified Plaintiff`s updated address, as he was currently residing in California, and stated since client does not have a California phone number, the time issue is not applicable.

20. On September 10, 2014, Defendant send mail correspondence to Plaintiff at his new California address in Romoland, CA.  A copy of same is attached hereto marked Exhibit A.

21. After the December 16, 2014 call where Plaintiff spoke to Defendant`s representative, and confirmed his new address whilst requesting a cease on such early morning calls, he received an additional two (2) phone calls to his cellular device, before 8:00 am PST.

22. Exhibit A provides Defendant had actual notice that Plaintiff resided in California at the time all pre-8am calls were made.

23. Defendant has violated 15 U.S.C. § 1691(e)(10) and 15 U.S.C. § 1692(f)(4).

24. Plaintiff has been damaged and is entitled to relief.

## COUNT II
## VIOLATIONs OF THE ROSENTHALL FAIR DEBT COLECTIONS PRACTICES ACT CAL CIV CODE § 1788, *et seq.*

25. Plaintiff repeats the allegations contained in paragraphs 1 through 24 and incorporates them as if set forth at length herein.

26. In September of 2014, Plaintiff moved his residence from Indiana to California.  After doing so, Plaintiff contacted Defendant to advise them of the move and request his address be updated accordingly.

27. In December of 2014, Plaintiff began receiving calls from Defendant in the early morning hours regarding payments that were due and owing on a mortgage.

28.  On or about December 16, 2014, a representative of Defendant who identified herself as Ms. Houston called Plaintiff on his cellular device at 6:28 am PST.

29. During this call Plaintiff advised that he was living in California and that these early morning calls were unacceptable.

30. Ms. Houston verified Plaintiff`s updated address, as he was currently residing in California, and stated since client does not have a California phone number, the time issue is not applicable.

31. On September 10, 2014, Defendant send mail correspondence to Plaintiff at his new California address in Romoland, CA. A copy of same is attached hereto marked Exhibit A.

32. After the December 16, 2014 call where Plaintiff spoke to Defendant`s representative, and confirmed his new address whilst requesting a cease on such early morning calls, he received an additional two (2) phone calls to his cellular device, before 8:00 am PST.

33. Exhibit A provides Defendant had actual notice that Plaintiff resided in California at the time all pre-8am calls were made.

34. Defendant, having violated (2) sections of the FDCPA, is in violation of Cal Civ Code §1788 (17) for failure to comply with the FDCPA.

35. Plaintiff has been damaged and is entitled to relief.

*[Remainder of page intentionally left blank]*

## **DAMAGES**

WHEREFORE, Plaintiff, Jabari Means, requests that this Court enter judgment against the Defendant and on behalf of Plaintiff for the following:

A. That judgment be entered against the Defendant GREEN TREE SERVICING, LLC, for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal Civ Code §1788(30)(a);

B. That judgment be entered against the Defendants GREEN TREE SERVICING, LLC, for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B) and Cal Civ Code §1788(30)(b) in the amount of $2,000.00;

C. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3) and Cal Civ Code §1788(c);

D. That the Court grant such other and further relief as may be just and proper.

*[Remainder of page intentionally left blank; signature page to follow.]*

Dated this 1st day of June, 2015

                                Respectfully Submitted,

                                /S/_____
                                Attorney for Plaintiff
                                Rory Lessinger, Esq.

                                Of Counsel to the Firm:
                                Law Offices of Michael Lupolover, P.C.
                                120 Sylvan Avenue, Suite 300
                                Englewood Cliffs, NJ 07632
                                Phone: (201) 461-0059
                                Facsimile: (201) 608-7116
                                Email: david@lupoloverlaw.com